**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yerbae LLC, | No. CV-25-01686-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Carl Sweat, | |
| Defendant. | |

On February 10, 2025, defendant Carl Sweat filed his answer and counterclaims. (Doc. 55.) In conjunction, the parties filed a stipulation to allow Sweat to file under seal an exhibit Sweat wished to attach to his answer and counterclaims. (Doc. 54.) Sweat describes this exhibit as one of four which he intends to attach to his answer and counterclaims, contending that exhibit "is important to [his] defenses and counterclaims and must be included in his upcoming responsive pleading." (Doc. 53 at 1.) The parties have a Rule 16 scheduling conference set for February 20, 2026 at 10:30 AM.

It is not clear why Sweat believes his answer and counterclaims "must" include any exhibits, let alone one under seal. One possibility is that Sweat hopes to use the exhibits in support of a motion for judgment on the pleadings, which he mentions filing in the Joint Rule 26(f) Report. (Doc. 50 at 7.) If that is Sweat's plan, it is misguided.

"Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). But

doing so is improper as it "risks premature dismissal of plausible claims that may turn out to be valid after discovery." *Id.* Attaching documents to an answer and then seeking judgment on the pleadings runs the same risk. There is "a mechanism for putting a plaintiff to his proof: a motion for summary judgment." *Berk v. Choy*, No. 24-440, 2026 WL 135974, at *5 (U.S. Jan. 20, 2026). Sweat should not view his answer and counterclaims as the time for presentation of proof. Therefore, his motion to seal is denied.[1] The exhibit will not be filed under seal or otherwise. The parties may file a renewed stipulation to file under seal if Sweat is able to provide a convincing explanation why he "must" file evidence at this time.

**IT IS ORDERED** the Joint Motion to Seal Document (Doc. 54) is **DENIED**. This order shall not be sealed.

Dated this 17th day of February, 2026.

Honorable Krissa M. Lanham
United States District Judge

---

[1] Sweat's prospective motion for judgment on the pleadings would be improper on a separate basis. A motion for judgment on the pleadings is "functionally identical" to a motion to dismiss and undergoes the same standard of review. *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Having already denied Sweat's motion to dismiss, a motion for judgment on the pleadings would not be granted.