**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Yerbae LLC,

Plaintiff,

v.

Carl Sweat,

Defendant.

No. CV-25-01686-PHX-KML

**ORDER**

On October 30, 2026, defendant Carl Sweat attempted to submit more discovery disputes. The court struck Sweat's filings as they were patently contrary to the court's procedures. (Doc. 85.) The parties then filed a joint statement regarding their discovery disputes. That joint statement was filed on November 2, 2026, the deadline for discovery.

According to the joint statement, Sweat seeks an order requiring (1) Yerbae to identify firm dates and locations for in-person depositions, (2) Bonk, Inc. ("Bonk") to comply with document and deposition subpoenas, and (3) Yerbae to provide supplemental interrogatory responses and document production. (Doc. 92 at 2.) With the exception of the depositions, all of Sweat's requests are denied.

**I. Deposition Witness Scheduling**

The parties are somehow unable to schedule depositions on their own. Sweat argues Yerbae has "refused to make a single deponent available" (Doc. 92 at 3), while Yerbae claims Sweat created the impasse by unilaterally noticing depositions without conferring about witness availability and insisting on in-person depositions for witnesses outside of

Arizona. (Doc. 92 at 7.)

**Out of State Witnesses:** It appears Seth Smith and Alexis McDaniel are former Yerbae employees who reside in Illinois and Ohio respectively. (Doc. 92 at 3, 8.) These witnesses cannot be compelled to attend a deposition that is not within 100 miles of where they reside, are employed, or regularly transact business. Fed. R. Civ. P. 45(c)(1)(A). Sweat has insisted on only conducting in-person depositions of these witnesses. (Doc. 92 at 3, 4.) Assuming Sweat plans to take these depositions close to their residences, and Yerbae's counsel is representing these individuals, the parties must reach an agreement on when and where these depositions will occur. If unable to reach an agreement, Sweat can serve Rule 45 subpoenas on these witnesses and litigate the propriety of those subpoenas in the appropriate districts.

**In-State Witnesses:** As to the remaining in-state witnesses, the parties are to agree on deposition dates for each witness by November 16, 2026. These depositions must occur before December 4, 2026. If the parties cannot agree on deposition dates, both parties must submit their proposed dates for each witness and the court will set the dates.

## II. Bonk Subpoenas

Sweat requests the complete Arrangement Agreement ("AA") regarding Bonk's acquisition of Yerbae, including all "associated documents and communications." Sweat also seeks a Rule 30(b)(6) deposition of Bonk. (Doc. 92 at 5.) Bonk has agreed to produce the AA and associated materials. (Doc. 92 at 8.) Sweat has not identified any non-cumulative information he might obtain from a Rule 30(b)(6) deposition. That request is therefore denied.

## III. Yerbae's Interrogatory Responses

**ROG No. 3:** Sweat seeks a detailed explanation of how a competing sportswater product unlawfully exploited Yerbae's intellectual property rights. (Doc. 92-4 at 8.) Yerbae already supplemented its response to ROG 3 and provided extensive information regarding its claims about the competing sportswater product. (Doc. 92-4 at 52.) Sweat's request for an additional supplemental response is denied.

**ROG No. 8:** Sweat seeks a description of how and when he improperly used any trade secret or confidential information of Yerbae's and to whom he disclosed such information. (Doc. 92-4 at 18.) Sweat claims Yerbae did not provide a substantive answer. (Doc. 92 at 5.) Yerbae's response incorporated its supplemental responses to ROGs 3 and 4, which addressed the relevant claims in detail. (Doc. 92-4 at 52-55.) Sweat's request for a supplemental response is denied.

**ROG Nos. 11-12:** Sweat seeks the Bates numbers or other specific references of all documents supporting the allegations that Sweat used and disclosed Yerbae's intellectual property in connection with the development, promotion, and sale of competing or infringing beverage products. (Doc. 92-4 at 18, 29.) This request is duplicative of ROGs 3 and 4, which adequately address the information in the responses and supplemented responses. (Doc. 92-4 at 8-12, 52-55.) And Yerbae already identified relevant Bates numbers. (Doc. 92-4 at 9, 53.) Additionally, it is reasonable that documents related to Sweat's and/or third parties' actions would not be in Yerbae's possession, custody, or control. Sweat's request for a supplemental response is denied.

**ROG No. 14:** Sweat seeks identification of each Yerbae NIL product that was developed, marketed, or sold at any time between January 1, 2023, and April 7, 2024, and additional details about each product. (Doc. 92-4 at 30.) Yerbae already supplemented its response, and the court cannot identify any requested information that is missing. (Doc. 92-4 at 36-37.) Sweat's request for an additional supplemental response is denied.

**ROG No. 16:** Sweat seeks every location on the Yerbae Computer System where each of Yerbae's trade secret documents has been stored from June 2023 through May 16, 2025, and the location where each currently resides on the computer system. (Doc. 92-4 at 60.) The court agrees that the measures taken to protect trade secrets may be relevant to the misappropriation allegations against Sweat. (Doc. 92 at 5.) However, the ROG is overly broad and not proportional to the needs of the case, so Yerbae need not respond. Fed. R. Civ. P. 26(b)(1).

**ROG Nos. 18-19:** Sweat seeks identification of all managers, members, officers,

board members, owners, and shareholders of Yerbae since January 2025. (Doc. 92-4 at 64.) This information has no apparent relevance to the claims or connection to a disputed issue. Sweat's request for a supplemental response is denied.

**ROG No. 21:** Sweat seeks identification of persons most knowledgeable at Yerbae as to fifteen different categories of information related to the case. (Doc. 92-4 at 65-66.) Yerbae has already agreed to identify knowledgeable Rule 30(b)(6) witnesses, making this request unnecessary. (Doc. 92 at 9; Doc. 92-4 at 66.) Sweat's request for a supplemental response is denied.

**ROG Nos. 22-23:** Sweat seeks identification of each director and officer liability insurance policy and indemnification agreement maintained or provided by Yerbae. (Doc. 92-4 at 69.) This information is only relevant to Sweat's indemnification counterclaims. (Doc. 92 at 6.) Because those claims have been dismissed contemporaneously with this order, Sweat's request for a supplemental response is denied.

**ROG No. 25:** Sweat seeks the Bates page and line numbers of each document that includes or represents each trade secret Yerbae asserts Sweat misappropriated, as well as all facts related to the secret's economic value, ascertainability, and alleged misappropriation. (Doc. 92-4 at 70-71.) ROG 25 is compound and duplicative. It requests information on three broad, and not entirely related, subcategories about Yerbae's trade secret allegations. (Doc. 92-4 at 70-71.) At minimum, it is duplicative of information already provided in response to ROGs 1-4. Sweat's request for a supplemental response is denied.

**IV. Yerbae's Document Production**

**RFP Nos. 10-12:** Sweat seeks all Yerbae proprietary information that Sweat was provided with in preparation of the Red & Black Rush sportswater product and all documents that notified him of which information Yerbae considered to be confidential. (Doc. 92-6 at 5, 9.) Yerbae objected that the requests were duplicative of RFPs 1-9, vague, ambiguous, and argumentative, and claims that "Sweat admits responsive documents were produced but demands that Yerbae identify them by request." (Doc. 92 at 9.) The court

cannot locate where Sweat made such admission. Sweat requested Yerbae "[i]dentify by bates number all responsive documents." (Doc. 92-2 at 54.) Yerbae has adequately identified such documents in response to RFPs 1-9 and is not required to further identify responsive documents by Bates numbers. Fed. R. Civ. P. 34(b)(2)(E). Sweat's request is denied.

**RFP Nos. 13, 15:** Sweat seeks all documents relating to the Arrangement Agreement between Yerbae and Bonk (f/k/a Safety Shot) and all communications and board meeting minutes that mention or relate to Sweat, potential trade secret misappropriation, or Yerbae NIL products. (Doc. 92-6 at 9-10.) Bonk has already agreed to produce the AA and related materials. (Doc. 92 at 8.) And Yerbae agreed to produce any non-privileged communications and meeting minutes that mention or directly relate to Yerbae's allegations against Sweat. (Doc. 92-6 at 9-10.) As such, Yerbae has appropriately complied with these RFPs, and Sweat's request is denied.

**RFP No. 14:** Sweat seeks all Yerbae communications with, and presentations made to, investors or potential investors from January 2024 to June 2025. (Doc. 92-6 at 10.) Yerbae objected to the request as overbroad (Doc. 92-6 at 10), and argues it is not tied to a particular claim (Doc. 92 at 9). The RFP is too broad such that it is disproportionate to the needs of the case. Fed. R. Civ. P. 26(b)(1). Yerbae need not provide an additional response.

**RFP No. 16:** Sweat seeks all communications and documents between Yerbae and 14 enumerated third parties prior to April 2024 that relate to any Yerbae NIL product or program. (Doc. 92-6 at 10-11.) Yerbae argues that it has satisfied the request and Sweat has not identified any omitted information. (Doc. 92 at 9.) In making this statement, the court takes as true Yerbae's certification that it has complied with its supplemental disclosure requirements under Rule 26(e)(1). Fed. R. Civ. P. 26(g). Sweat's request is denied.

**RFP Nos. 17, 18, 24:** Sweat seeks all communications to Yerbae employees or former employees in which Yerbae requested return of confidential information, all communications before April 2024 that imposed obligations of confidentiality on any third

party, and all documents sent to Sweat in which Yerbae requested him to return or destroy confidential information. (Doc. 92-6 at 32, 37.) Sweat claims Yerbae failed to identify responsive documents and produced nothing for RFP 18. (Doc. 92 at 6.) Yerbae argues it conducted a reasonable search and produced the responsive documents located. (Doc. 92 at 9.) In making this statement, the court takes as true Yerbae's certification that it has complied with its supplemental disclosure requirements under Rule 26(e)(1). Fed. R. Civ. P. 26(g). Sweat's request is denied.

**RFP No. 19:** Sweat seeks all agreements between Yerbae and Bonk reflecting any ownership interest in Yerbae or concerning funding, control, or financial interest related to this action. (Doc. 92-6 at 32.) Yerbae argues that Sweat has not identified a disputed issue to which these documents would relate. (Doc. 92 at 9.) The court agrees, and in any case, Bonk has already agreed to produce the Arrangement Agreement and related materials. (Doc.92 at 8.) As such, Sweat's request is denied.

**RFP Nos. 20, 22:** Sweat seeks all executed agreements, presentations, and materials between Yerbae and any university involving any Yerbae NIL product from January 2023 to April 2024. (Doc. 92-6 at 33.) Sweat claims Yerbae did not produce any responsive documents (Doc. 92 at 6), whereas Yerbae claims that it did produce responsive agreements and school materials it located (Doc. 92 at 9). In making this statement, the court takes as true Yerbae's certification that it has complied with its supplemental disclosure requirements under Rule 26(e)(1). Fed. R. Civ. P. 26(g). The request is denied.

**RFP No. 23:** Sweat seeks all Yerbae's indemnification agreements and insurance policies between or on behalf of present or former executives. (Doc. 92-6 at 37.) The only relevance of this information is to Sweat's indemnification counterclaims. (Doc. 92 at 6.) Because those claims have been dismissed contemporaneously with this order, Sweat's request is denied.

**RFP No. 25:** Sweat seeks all text messages in Yerbae's custody or control related to Sweat, Yerbae's trade secrets, and confidential information, sent or received by seven of Yerbae's former or current employees. (Doc. 92-6 at 41.) Yerbae objects to the request,

arguing it seeks broad employee-text messages without any reasonable limits. (Doc. 92 at 10.) Yerbae is correct that the RFP at present is overbroad and that Yerbae reasonably lacks access to private text messages between employees or former employees. Yerbae need not provide an additional response.

**IT IS ORDERED** that the parties are to agree on deposition dates for each in-state witness (with depositions occurring before December 4, 2026), or provide the necessary information for the court to do so, by November 16, 2026.

**IT IS ORDERED** that the request to compel Bonk's subpoenas is denied.

**IT IS ORDERED** that the request for supplemental interrogatory responses is denied.

**IT IS ORDERED** that the request for supplemental document production is denied.

Dated this 13th day of November, 2026.



Honorable Krissa M. Lanham
United States District Judge